AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
04/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DVE___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

**FILED**
Apr 11, 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY: _Nancy Boehme_
Deputy Clerk, U.S. District Court

United States of America,
v.

DIEGO ALBERTO PRECIADO HERNANDEZ,

Defendant(s)

Case No. 8:25-mj-00273-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>March 2, 2025</u> in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§1326(a); (b)(1) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

ALBERT SEGUNDO, Deportation Officer, DHS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: April 11, 2025

Judge's signature

City and state: Santa Ana, California

Hon. DOUGLAS F. McCORMICK, U.S. Magistrate Judge
Printed name and title

AUSA: Greg Scally

**AFFIDAVIT**

I, Albert Segundo, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a complaint and arrest warrant against DIEGO ALBERTO PRECIADO HERNANDEZ ("HERNANDEZ"), charging him with violating Title 8, United States Code, Sections 1326(a); (b)(1) (Illegal Alien Found in the United States Following Deportation or Removal).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, data contained in Department of Homeland Security ("DHS") databases, the Alien File ("A-File") that is assigned to HERNANDEZ, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF ALBERT SEGUNDO

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since July 2021. I am currently assigned to the Los

1

Angeles Enforcement and Removal Operations ("ERO") field office, Santa Ana sub-office.

## STATEMENT OF PROBABLE CAUSE

4. On or about March 2, 2025, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that HERNANDEZ was encountered by the City of Orange Police Department. HERNANDEZ was transferred to the custody of the Orange County Sheriff's Department ("OCSD") in Santa Ana, California. On or about March 2, 2025, HERNANDEZ was determined to be at the Orange County Jail, in Santa Ana, California, by Deportation Officer D. QUACH ("DO QUACH"). DO QUACH is authorized to enforce Immigration laws pursuant to Section 287(a) of the Immigration and Nationality Act. DO QUACH conducted a review of several databases which revealed HERNANDEZ was amenable to ICE enforcement action. An Immigration Detainer (Form I-247A) was issued against HERNANDEZ.

5. Based on my training and experience, I know a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

2

6.  On or about March 10, 2025, I reviewed DHS A-File A200-153-641 (the "DHS A-File"), which is maintained for subject alien HERNANDEZ. The DHS A-File contained the following documents and information:

   a.  Multiple Records of Deportable/Inadmissible Alien (Form I-213) forms listing a Federal Bureau of Investigation Identification number ("FBI number"). I compared the FBI number to the one listed on the electronic notification received from the PERC. These documents list the same FBI number. I thus believe that this DHS A-File and its contents correspond to HERNANDEZ.

   b.  The following documents related to HERNANDEZ's removal:

      i.  An Oral Decision of the Immigration Judge showing that HERNANDEZ was ordered removed from the United States to Mexico by Immigration Judge Amy T. Lee, Adelanto, California, on or about January 4, 2016.

      ii.  A Decision of the Board of Immigration Appeals (BIA) showing that HERNANDEZ's appeal was dismissed on or about April 21, 2016.

      iii.  An Order of the Immigration Judge showing that HERNANDEZ was ordered removed from the United States to Mexico by an Immigration Judge in Adelanto, California, on or about January 4, 2016.

      iv.  An executed Warrant of Removal/Deportation (Form I-205) showing HERNANDEZ was officially removed from the United States to Mexico on June 4, 2016, at the Port of Entry,

San Ysidro, California. HERNANDEZ refused to sign the Warrant of Removal/Deportation, however, HERNANDEZ provided a fingerprint and photograph at the time of departure.

    v. I know from my training and experience a Warrant of Removal, a Warrant of Removal/Deportation, or a Notice to Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed or excluded from the United States by DHS (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in the DHS A-File contained a photograph, and fingerprint.

   c. A Record of Deportable/Inadmissible Alien (Form I-213) dated July 15, 2011 showing HERNANDEZ admitted to being a citizen and national of Mexico during an interview with an Immigration Enforcement Agent.

   d. A record of conviction showing HERNANDEZ was convicted of Evading While Driving Recklessly, in violation of California Penal Code Section 2800.2, on or about February 5, 2015, in the Orange County Superior Court for the State of California, case number 15CF0117, for which HERNANDEZ received a sentence of 16 months of imprisonment.

  7. On or about April 9, 2025, I received a booking photograph of HERNANDEZ taken by the OCSD upon his arrest on March 2, 2025. I compared this photograph to the photographs contained in the DHS A-File. The photographs appear to depict the same person.

8. On or about April 9, 2025, I reviewed the DHS computer indices on HERNANDEZ. Based on my training and experience, I know the DHS computer indices track and document each time an alien is removed, deported, or excluded from the United States by DHS, was removed, deported, or excluded by the former INS, or is granted permission to enter or re-enter the United States. The DHS computer indices confirmed that HERNANDEZ was deported on or about the date indicated on the Warrant of Removal/Deportation found in the DHS A-File. The DHS computer indices further indicated that HERNANDEZ had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States following his recent deportation and removal.

9. Based on my review of the DHS A-File, I determined that it does not contain any record of his applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States following his most recent deportation and removal. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in the DHS A-File.

## III. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that DIEGO ALBERTO PRECIADO HERNANDEZ has committed a violation of Title 8, United States Code, Sections

1326(a), (b)(1), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 11th day of April 2025.

_____
DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE